Rockhill, excuse me. Yes, you are. Good morning. May it please the court. My name is Levon Hovnatanyan, and along with Mr. Gus Oltavara, I represent the appellant in this case. I'm fairly sure it's Rockhill Insurance Company, so we'll go with Rockhill. In the state of Tennessee, the law is clear in cases like Clark and Watts from the Tennessee Supreme Court that for the concurrent causation doctrine to apply, two things are necessary. The first thing is a non-excluded act, a non-excluded negligent act, and the second is an excluded negligent act. We can see that from Clark, which the Tennessee Supreme Court decided in 2012, case involving a bar fight. In the very first paragraph of the opinion, the court lays out the rules. We are going to determine whether the concurrent causation doctrine applies, so we need two things to say it does. There has to be an excluded negligent act and a non-excluded negligent act. That's literally in the first paragraph of the opinion. You know, I've wondered about that concurrent causation doctrine just doesn't make any real sense to me, and it's hard to apply and to get your mind around it, but because in the primary case, Watts, the court goes on to say that the fact that the mechanical operation was totally irrelevant to the injury because it was only the situs where the injury occurred. They didn't even suggest that it was a causation or had anything to do with causation. I just don't understand, and I guess the Tennessee court cites California cases for that particular form of a concurrent doctrine of causation? Correct, Your Honor. Does anybody else follow that? Does any other state follow that particular version? I mean, concurrent causations has many applied in the same way they do. Absolutely, and chief among them is California. If you look at the Partridge case, which Watts cited, and actually the Garvey case, which is also from California that Watts cited, and even the Lejeune case from Louisiana, which the Watts court cited, those cases give a pretty good blueprint of what's required, and I mean the independent cause, the substantial factor, the whole package for the concurrent causation doctrine, but in all those jurisdictions, it begins with the same two things. The court must have a non-excluded cause and an excluded cause. In fact, there's a footnote in Watts where the Tennessee Supreme Court quotes the chancellor in Tennessee, the trial court, as saying, well, here we are again. We have an the use of the blowtorch and a non-excluded cause, which was the flammable liquid, and that gets you into the concurrent causation doctrine. That's what we don't have here. What we have here is an exclusion of liability. Why did the court say that the fact that the mechanical operation, which was the excluded coverage, why did they say that it's totally irrelevant except it was the situs of the entry? Well, your honor, I think they said it was irrelevant because there's more to it than that. If it were irrelevant, then why is it a concurrent cause of the entry? It is relevant, but they said it wasn't relevant. I don't understand it. Your honor, I'm with you. I'm not going to say, and I suspect opposing counsel is not going to say, that Watts is a model of clarity. That was the first time the Tennessee Supreme Court faced that. You can see in their jurisprudence, particularly to Clark all the way to 2012, how it evolves into something that's a little bit more certain and something that's a little bit more clear. Is Clark the last case that attempted to apply the concurrent doctrine? From the Tennessee Supreme Court, yes, your honor. And what year was that? In 2012. But now Payne, which was decided just a few weeks ago, and which was the subject of our second 28J letter, is a Tennessee Court of Appeals most recent comment on concurrent causation. That was literally just a few weeks ago. That was the case involving the child who drowned in the pool. And the Tennessee Court of Appeals said, well, you have one exclusion that excludes harm. It excludes a peril. And for that reason, all of the acts, all of the negligent acts are encompassed within the exclusion, and therefore the concurrent causation doctrine wouldn't apply. Because one thing I'm trying to understand, I have to admit, concurrent cause in Texas law is quite different. It certainly is, your honor. And so I'm working on this. But that said, you know, J.M. Drilling made the point, like, why are we even getting insurance if nothing we do is going to get covered? I mean, the reality is, if you didn't commit any negligent act, you might get sued, but you're not probably going to be held liable. So the point of insurance is, oh my gosh, I was the perfect driver my entire life, except this one second that I looked away and ended up hitting another car. That's when I need insurance. That doesn't happen to me, but that's why I have insurance on my car, and all of us do, even though we think we're great drivers, right? Correct. So J.M. Drilling says, this is what I'm working, this is the work I'm doing, and if anything that kind of happens underground ain't going to get covered, what's the point? Now, what's your answer to that? Well, your honor, my answer to that is that goes to their illusory coverage argument, which the district court said, that's for another time. If I get remanded, if this case comes back to me, I'll address that, because that was the subject of summary judgment. Now, to be fair, this court can consider it under 54B because your powers are broad under 54B. I'm just trying to understand your construction of this exclusion and this concurrent cost notion, because you're saying if we ultimately ended up with this subsidence, nothing else matters, you lose. Well, we're only saying that, your honor, in regard to the subsidence, in regard to the subsidence. It's not true that J.M.'s drilling operations aren't covered in any respect. The exclusion only applies to subsidence. For instance, Insight's account manager, Brenda Johnson, testified, J.M. Drilling never even told me they were worried about subsidence, and she was asked, is that a major risk? She said, no, it's not. It's not a major risk. It's also true that at the top of the policy, in big, all caps, it says, please read this policy carefully, and for five years, they did. I'm totally aware of that, but I'm just still trying to understand, because they're making the that your reading of the exclusion is so broad, it doesn't leave them much. Well, it doesn't. I'm trying to understand what narrows or what, because exclusion should be narrowly construed. What narrows your version of this exclusion? Several things. First of all, it has to emanate, the subsidence has to emanate from the operations of the insured, so we're not talking about global subsidence. It has to be subsidence that is caused by the insured, and the types of subsidence are specified in the policy, sinking, slipping, falling away, etc., etc., so there is some specificity there. It's also true that there could be injuries that relate to the subsidence that would still be covered, although the subsidence wouldn't be. For example, if we take this case, and let's say the facts are exactly like they happened, but Mr. Thibodeau comes out of the hole, and he knows he's been injured, obviously, so he tries to make his way for help, but all JM Drilling's personnel have left their equipment out, power cords, all their other equipment, and he trips over a power cord, and he falls. Now we have a second injury, and we have a second cause. Would that be covered? Yes, it would be. The accident would be covered, the injury would be covered, not the injury that relates to the subsidence, because that's what's excluded, but that's an example of how this doesn't just render the policy loose. But then his leg surgery, that would be concurrent cause, because you'd say, well, it was caused both by the subsidence that you say is an exclusion, and the falling on the, whatever you said. Correct, the power cord, and that would knock us out of this court altogether, of course, because those are fact issues, you know, which injury was caused by which cause, but those are classic. But that would be concurrent causes of his leg surgery, right, and so then that would not be something we would have to, that would be something you'd have to cover, because that's the whole concurrent cause, which like I said, is different from Texas law, but in Tennessee law, when there's concurrent cause, then you have to cover it. Correct, from the tripping over the power cord, absolutely correct, absolutely correct. But your argument here, just to make it very simple, is they did this, and it led to that, and that is what is excluded. Precisely. I wish I had put that just exactly that way in my introduction. That's absolutely correct. Both state courts gave the appropriate chronology, and it isn't complicated at all. Unfortunately, Mr. Thibodeau stepped in the hole, and that's what led to the injury, and the hole was caused by subsidence. Now, taking that and making it a question of law, in this case, the subsidence caused the injury that led to the liability that's excluded by the policy. Are we obligated, given this is Tennessee law, to analyze the case under the concurrent causation doctrine, or why not, or it seems to me the more obvious way to read the policy is that negligence is covered. We are covering your own negligence, but in that negligence covered, we exclude subsidence. It's just a matter of reading the contract of what is covered and what is not covered. Again, I wish I'd said that. Absolutely correct. But can we address the case that simply and that straightforwardly, given that we are under Tennessee law? Your Honor, you can, and the reason you can is because the concurrent causation doctrine doesn't apply, because you don't have... Do we have to decide that first before we can say this is just a contract, an insurance contract of what is included and what is excluded? No, you wouldn't have to decide it, and the reason I'm spending so much time on it is because it's been so ably briefed by opposing counsel. There's a hundred pages on it. Correct. Exactly right. So, it wouldn't be fair for me to stand up and say, oh look, it's not part of the appeal, it's not an issue in the appeal, it's a huge issue in the appeal, but I'm aligned with what you just said. At the end of it, it boils down to what does this exclusion say? And because it says what's excluded is any liability that's caused by or even contributed to by subsidence, as long as that subsidence emanates from the operations of the insured, the liability is not covered, and we think that's all there is to it. Was it clear in the underlying case that the J.M. drilling negligence was what caused the subsidence? Yes, Your Honor, both in the trial course order and in the third court of appeals opinion. That sort of binds the discussion on insurance, what the underlying case found. I think it does for both sides, correct. I think it does. There's even a great comment in the third quote-unquote. This is what happened. They negligently struck the pipe. They failed to report it. That led to the subsidence. That's where Mr. Thibodeau, unfortunately, stepped in the hole. Was there any evidence that anything else contributed to the subsidence so that we would have a concurrent cause? I don't know, a tornado? I mean, I don't really know. I'm not an expert. Well, that makes it too obvious. That's why I didn't even know how to pronounce it. It's just not my part of the world. And you shouldn't take my word for it on how to pronounce it. Subsidence, subsidence, whatever, subs. Right. Is there any evidence, indication, anything like that in the underlying case that there was any other contributing factor to that besides the J.M.? No, Your Honor. And that's clear from the trial court's order, and it's clear from the opinion of the Third Court of Appeals. It was the negligent striking of the sewer line, and it was the failure to report it. There is a very clear 1, 2, 3, 4 in the trial court's order, and that's what it says. They were negligent in that they struck the pipe. They were negligent in that they didn't report it. That's what caused the subsidence, and that's how Mr. Thibodeau got hurt. Well, I mean, that's just a but-for analysis. But-for, the earlier negligence, this would not have occurred, and that's true. That, Your Honor, that is true. The key, though, is that the negligence led to the excluded peril or harm or result of subsidence. But as I think that even Tennessee court said, the but-for analysis is never ends. But-for this, but-for that, or but-for so. I mean, but-and it's not a very favored analysis, but interpreting insurance claims. Understood, Your Honor, and we know it's a rare thing for this court to be interpreting the law of Tennessee. Happily, and I see I'm out of time. May I briefly finish my thought? May I answer the question, and then you've saved time for rebuttal. Thank you, Your Honor. Happily, I think with the way the law has evolved in Tennessee from Watts to Clark versus Sputniks, I think it has become more clear and easier to apply. Thank you, and you have saved time for rebuttal. Okay, we'll hear from Mr. Thibodeaux. I'm sorry. No, we'll hear from-we'll hear-yes? My name is Edward Talby. Mr. Thibodeaux's counsel. Yes, Mr. Thibodeaux's counsel. Mr. Talby. No, no, no. I was trying to say Mr. Thibodeaux's and I was concerned that it was someone else's counsel, but it's Mr. Thibodeaux's counsel, and it's Mr. Talby, Edward O. Talby IV. Yes, thank you, Your Honor. Good morning. My name is Edward O. Talby IV. I represent the plaintiff appellee, the Thibodeaux family. Judge Jolly, to answer your question before I begin my prepared comments, Watts rejects the but-for analysis in application to this case. It says it would go on ad finitum, and they reject it. Watts says, we recognize that other states may address these issues differently, but we are persuaded to rule as we did. Essentially, if you collect a premium for a policy and a part of the causation is covered, you cannot exclude payment under the terms of the policy. It is a broad, pro-insured premise. Yes? In Watts, the Tennessee Supreme Court noted that the same harm could have resulted had Watts been cutting any number of objects. Here, the same injury could not have resulted without the sinkhole. Yes, that is true. How could we hold that J.M. Drilling's negligence was sufficiently separate from the excluded cause? It doesn't have to be sufficiently separate. Watts compares causes, not negligent acts. If you look at Watts, the excluded cause was maintenance and use of a vehicle. There is no aspect of Watts that finds the use of the torch negligent. They say we have an excluded cause. Anything associated with maintenance of a vehicle compared to negligent acts, spilling the oil. These arguments are being recorded to assist us in writing opinions. I'm so sorry. I'm from south Louisiana. I'm talking with my hands and I move. I apologize. I asked him, your opponent, what could be covered. Now I'm going to ask you, what could be excluded? I can answer the question very directly. In this context. Everything can be excluded in this context. If Rock Hill did one thing and one thing only, that is to include ACC language, which is required under Tennessee. Well, that's only to avoid concurrent cause. But if you don't have a concurrent cause, you don't get to concurrent cause. My question is, this exclusion says any liability that contributed to the subsidence, subsidence, whatever it is, the sinkhole, that's it. And so what else, let me ask you this, in the underlying case where you were the client, your client was the plaintiff, what else was, what evidence was there that anything else contributed? There were two contributing factors to this case. One was the negligence of JM in violating the competing causes in this case. It's not negligent acts. Watts compared use of an automobile. Sally compared child care services. None of those are negligent acts. We can look to a very similar case. Ski Chalet. Ski Chalet was decided not too long ago. It's where a water pipe froze in a moved under the earth, washed the earth away, and the swimming pool was damaged. That was a subsidence case in Tennessee. The court compared the covered frozen pipe with the excluded subsidence. And the court determined we will apply the concurrent cause doctrine to this case. But in that case, the difference was ACC language had been inserted in the subsidence exclusion. And the court said, with that language, you're entitled to an absolute exclusion under Tennessee law, and we find no coverage. But the court also indicated, had the ACC language not been there, there would have been coverage under that set of circumstances. I understand we all come from different states. California, Texas, Tennessee. I can tell you, I've been to California, and it's not the same as Tennessee. California's law is not the same as Tennessee's law. We may struggle with... Well, I just thought you meant the states were the same. You're talking about, in other words, the concurrent cause doctrine is not the same. It's not the same in any of those states. Tennessee recognizes that they specifically incorporated a pro-insured concept in their law. And they are not going to allow a company like an excavation company, because that subsidence exclusion is very broad. It says any earth movement, every day that backhoe goes into the ground and scoops up earth. Tennessee says, if you really want to exclude every earth movement, you have to put ACC language in it. Honestly, that's what this case is about. Rock Hill asked you to save them from a drafting error by not putting ACC language in subsidence. And the proof in the pudding is this, fungi, silica, and organic pathogen exclusions in this policy all contain ACC language. From the standpoint of Mr. J.M. Drilling, when he reads his policy, he says, well, look, ACC language. Well, that's not in my subsidence exclusion. It must be broader. How do you distinguish Clark and Braxton? Clark and Braxton were distinguished by salary. They don't represent Tennessee law. They've never been cited by a Tennessee court. They've been rejected resoundingly. The efficient proximate cause used in Braxton was rejected by the Watts case specifically. They're outliers, and they don't represent the correct law in this state. Ambiguity, I think, is the key to this case. If Rock Hill wanted a complete absolute exclusion, they should have put ACC language in it, in the subsidence exclusion, as they did in silica, fungi, and organic pathogen. If we look to what must be their intent by not having ACC when they had it in the similar exclusions, their intent must have been this exclusion should be broader. If you look at this, what does this exclude? I mean, the lack of an ACC may hurt you on the concurrent cause argument, but it doesn't mean your exclusion is just gone and doesn't apply. So how can we construe this exclusion to mean anything, given what you're arguing? If you look to the recent case of Tennessee Farmers versus Payne, it was a swimming pool accident, a tragic death of a child. It was decided on the basis of allegations in the petition. The petition basically said the pool is unreasonably dangerous because it doesn't have a fence, doesn't have a gate, doesn't have an alarm. The court in Tennessee Payne decided the acts of negligence are so inextricably connected to subsidence, to the pool, that we bottle it up into one exclusion. We distinguish that case to our favor because our negligence is not associated with subsidence. Our negligence is associated with a violation of the Louisiana One Call statute, which says you can't dig when you don't know where you're digging, and if you dig and you hit something, you're supposed to call and report it. That statute is not associated with subsidence in any way. It's oriented to property damage and personal... Okay, but how did the failure to do that cause the harm, other than it allowed this striking of the sewer line to bleed some water in and create... They are inextricably connected, but they are different causes. They are two different causes under Tennessee law. Your analysis adopts a but-for or a chain of events analysis, which Tennessee rejects. They reject the analysis, Judge Haynes, that you just stated. Explain to me, Dan, how you're avoiding the but-for analysis here? I mean, but-for the mistake... Watt says that is not Tennessee law. In this court, although you may wish to change Tennessee, yes, you certainly have the right to do it. The assignment under Erie is you're supposed to determine what a Tennessee court would do. As if I were standing in the Tennessee Supreme Court right now, what would they do? They would say, Watt has decided this. There are two causes, not negligent acts, causes. One cause is striking of the pipe. Another cause is subsidence. One is covered. One is not. Therefore, plaintiff wins. There is coverage under the terms of the policy. But without the striking of the pipe, there would not have been the subsidence. That's the point. Without the maintenance and use of the vehicle in Watts, there would have never been an accident involving the spilling of the oil. Right, but they hadn't given birth to me. I wouldn't have caused this accident. You don't go that far back. Those are the... There's no other. There is an other. What is the other? Right, the other in Watts is maintenance of the auto, maintenance and use of the automobile. That was the excluded, that was the excluded event. Torch and all that. Okay, but here, in this case, what is the other? Subsidence is excluded. Striking the pipe is covered. Those are the two things. Under Tennessee, that's... Are they really this far apart or is this where they are? Tennessee says it does not matter. If they are substantial factors in causing the harm, they are covered. But if JM drilling caused the subsidence, that doesn't matter? No. In other words, you're walking a thin line, it seems to me, between a but-for analysis that is rejected on the one hand and the concurrent cause that is, seems to... Tennessee simply says this. If there is a covered cause that is a substantial factor in the harm and an excluded cause, which is a substantial factor in the harm, there is coverage under the terms of the policy. And in this case, the negligence in striking the pipe is a covered cause. The subsidence is an excluded cause. There should be a determination of coverage. Thank you. Thank you. We have your argument. Thank you. We'll now hear from CRC Insurance. May it please the Court, Mark Beebe on behalf of CRC Insurance Company. Judge Haynes, you've asked a very tough question, right? What's the act that separates between the subsidence and the negligence? It would seem like these. But, Your Honor, the one thing that hasn't been raised is the very fact that there was a failure to report, just like the Cornerstone case, right? There's not only a striking of the pipe in this particular case, but there's also a failed report by JM Drilling. And that's significant. Why is that significant? Because that doesn't lead directly to subsidence. While I'm certain Rockhill can make a credible argument, perhaps, but when they fail to report, that doesn't directly lead to subsidence. It's just like in the Cornerstone. But what does it do that relates to this whole situation? Well, it's a separate act of negligence, right? If nothing else, it's negligence. No, I get that. So, if they fail to write with a red pen, that would also not be excluded, but it also wouldn't have caused any harm to Mr. Thibodeau. So, the question is, what harm did the failure to report cause? Ultimately, it leads, at least in part, to the injury, right? Just like under its cause, not harm, it's not negligence as suggested by Rockhill. The substantial factor has to be a cause, right? And that's the troublesome part. When you look at the cases that are cited by Rockhill, I think you can distinguish the assault and battery cases quite clearly. You talked about Clark, Your Honor, regarding the last time the Supreme Court in Tennessee addressed the concurrent causation. But assault and battery, those particular exclusions have developed so carefully that they've almost brought in every single aspect, including negligent hiring, negligent supervision. That's not true for subsidence. The other cases which Rockhill relies on quite considerably are really not only from California, but also the pollution exclusion cases, right? But what does Davidson Hotel tell you from Tennessee? It talks about you can have a confluence of many factors. This is the rusty water heater case, right? And ultimately, they come to the conclusion that, look, you have to have ACC language because they're looking at the faulty workmanship provision and they're saying there is no ACC language. Going back to your failure to report, I'm just wondering, is your argument that the failure to report is what allowed Thibodeau to go and do that work and not realize there was a problem? It didn't cause the subsidence, but it caused him to be there, and if they'd reported it, they would have shut that down and there still might have been the subsidence, there still might have been the sinkhole, but he wouldn't have fallen in it. Correct. Is that how you're spreading the arms, basically? That is. I think that's the saving factor here. That's exactly right, Your Honor. It's kind of a different cause, is what you're saying, because it did not uncut the cause of him being there. In other words, he would have not been there had there been a warning or something like that. Exactly. So, again, it's a substantial cause, right? And this is troublesome because Tennessee is different. Realize that we've talked a lot about California law, right? But Tennessee applies the concurrent causation doctrine in the first party context, right? You can't divorce yourself from that, and what does Garvey tell you? The that's very expansive, but that's the providence of the Tennessee Supreme Court. They have a right to expand and apply whatever doctrine they'd like under concurrent causation, and Garvey, the Supreme Court of California, says, we're not going to do that. We're going to do the efficient proximate cause under Sabella, right? And that tells you how different California is from Tennessee, and that's not the providence of this court to otherwise change Tennessee law. I know Rockhill wants you to do that, but you have to accept that Tennessee has decided it's going to apply concurrent causation in the first party context. Does any state apply concurrent causation in the same manner as Tennessee? I'm sorry, Your Honor? Does any state apply concurrent causation in the same manner as Tennessee does? Not that I'm aware of, Your Honor. It stands alone in our review. I mean, you look at the four cases. That's why I found it difficult. I mean, I was an insurance lawyer in my day, and I found this a difficult case because Tennessee law is quite from the law with which I'm familiar. I'm not criticizing it. I'm simply saying it's different. And it favors, it favors the insured, right? This is very expansive. You're going to apply concurrent causation in the first party context, like you have Yogi Primo Promo, right? You have that case. You have the Solomon case, the falling, collapsing basement wall, right? And you have Ski Chalet, right? They make it very clear. You can apply it in the first party context. So Tennessee protects the insured, and it's very broad, and you have to recognize that. And again, you have a separate cause here, and I'm not calling it a negligent act. Rockhill's gone too far when they argue it has to be two negligent acts by the insured. That's not true of Watts, because the individual who's using the torch isn't the, it is a negligent act. It's his friend who picks up the pan, right? Who ultimately drops it and kicks the flaming oil. But those aren't two negligent acts. All need, which is cited in... But you've said there are two negligent acts. Well... Stabbed the sewer line and then did not report it. I like to call them causes, because that's what the Supreme Court calls them, right? Substantial factors, okay? But those were two negligent acts. I agree. I agree they are. But I don't think they're necessary. You're saying we don't need two negligent acts. You don't need two negligent acts by the insured. You don't. By the insured. We just happen to have them here. We satisfy that, because you look at all the cases. But is there anything else that caused this sinkhole, besides wood jam drilling? Well, Your Honor, that, it was... According to the underlying case? Well, it was the side of the state court. Mr. Colby tried that. It doesn't appear. It looks like they had, they resigned themselves, and ultimately the cause was the striking the pipe, the burying it, the want and the main, and ultimately the leakage, and then the failure to subsidence. That is how, I think, two of the state courts have decided this. I mean, there is no debate about the fact that the underlying record says there is a, this was a substantial factor, and that hasn't been appealed. I think that's significant. The substantial factors, there's two. One, the striking of the pipe, okay? There's also the failure to report, and then the court also finds subsidence as being a cause versus, and it's difficult to understand that. We all struggle with subsidence being a cause, but if nothing else, in this case, we have two separate acts of negligence, two separate causes. So the decision is right. Judge Summerhay has got it right here. And the other thing about the exclusion, it has to be construed against the insurance company. It's clear that, in this particular case, subsidence, Rock Hill should be able to come to you and give you an example of where subsidence... So you're saying a tie goes to the insured? It has to, because otherwise, how are they on notice? There are other provisions, don't forget, that use the terms of exclusions, I should say, any liability, and ultimately have concurrent causation language. The fungi bacteria, right? The pathogen exclusion. So there are provisions in that contract of insurance that use anti-concurrent causation language and the term any liability. And they wrote it, so if there's a mistake, it's on them. And it's very important to understand this, too. It's a proprietary policy. It's not an ISO policy. So the fact that they may have mishmashed these from different states and haven't had it dovetailed, it's hard, because when you read this and you look at this, because one last point about completed operations, right? We've talked about there's an ambiguity under the subsidence provision. I think it only applies to ongoing operations, because there's completed operation endorsement, which is really after you've left the work, and ultimately you have a new coverage, right? You have an aggregate coverage and limit for that. I think subsidence, because it uses the word operation, can only apply to, at that time, ongoing operations versus completed operations. And there's testimony in the record regarding that even the Rock Hills representative admitted that this should have been analyzed under completed operations. So given the fact that this is a completed operation, they didn't analyze this under completed operations, I dare say that there was an ambiguity that also favors coverage for jam drilling. Thank you, Your Honors. I'm happy to answer any last questions. I think we have your argument. Thank you. In my days as a state district judge, this would have been an all-afternoon argument. May it please the Court, a brief rebuttal. First, to put the failure to report in Tennessee Supreme Court terms. The failure to report is a dependent cause, not an independent cause. It's a dependent cause, and therefore, to continue Judge Payne's physical analogy, it's not here, it's here. It's dependent on them striking the pipe to begin with, because if they had not negligently struck the pipe, there wouldn't have been anything to report. But the report might have prevented Thibodeau from being there, even if it didn't prevent the sinkhole. The report, that's true. And so isn't that separate? Your Honor, but it still goes back to, it's still dependent, because what caused Mr. Thibodeau's injury was the subsidence. The subsidence was caused by striking the pipe and the failure to report. It was also caused by him being there and doing the work, and if he wasn't there because, you know, so when they're doing construction in Dallas all the time, they have signs like, you know, don't go through here. So if you went through there, you're probably going to get some kind of an accident. So that prevents that. If they didn't put that sign up there, you might be driving along and not realize it, and boom. So that sign matters. True, it does matter, and the failure to report matters, but the key fact is the failure to report was only a failure to report because the pipe was struck to begin with. It wouldn't have mattered at all if they had reported it. Then, even if Mr. Thibodeau had been there, he wouldn't have stepped in the sinkhole because there wouldn't have been a sinkhole. That's why under Tennessee law, it's a dependent cause, not an independent cause. I know. There is some guidance, and there is some guidance given to you on page 11309 of the record, okay, which is the trial court's amended judgment. The trial court lays it out in beautiful fashion. J.M. drilling is at fault for negligently striking the sewer line, negligently failing to contact the utility owner. J.M.'s negligence caused the underground void cavern, and that is what, in turn, quote-unquote, caused John Thibodeau's accident. That's what caused the liability that's excluded by the policy. Mr. Huffington, can you talk about your opponent's characterizations of Clark and Braxton vis-a-vis the Sally case? Yes, Your Honor. I can. Sally, of course, is different because it's what we think is prototypical Tennessee law, which is when the concurrent causation doctrine applies, that's because you have an excluded act and a non-excluded act. Sally is part of a depressing line of cases in which a child drowned in a pool. In that case, there was certainly an excluded act, and that act was all child care services. That was what was excluded by the policy. What was covered by the policy was the failure to lock the doggy door, the failure to have a pool cover, the failure to have an alarm on the pool, the failure to maintain your gate and your fence. So, again, it fits in line with Watts and with Clark v. Sputniks because there's an excluded act and there's a covered act. What makes this case different is it's the liability that's excluded. It's the liability for subsidence, regardless of whether it's caused by otherwise covered negligent acts. Liability from the subsidence, if it was caused by or even contributed to by, is excluded, and that's where the district court got it wrong. Now, to address their point about ACC language, the district court got that right. On page 13 of its opinion, the court said ACC language isn't mandatory. You've succeeded in excluding the harm or the peril, so it's not mandatory, and there's no Tennessee case that says it is. You construe the exclusion according to its plain meaning. There certainly is ACC language in the other provisions in this policy. What the difference is between the silica exclusion and the bacteria and fungi exclusion is that in the subsidence exclusion, it refers specifically to the operations of the insurer. The ACC language in the other exclusions addresses causes. Wrap it up. I beg your pardon. I sure do. I beg your pardon. It addresses causes and events, whereas in our exclusion, it addresses operations. I beg your pardon, Your Honor. I didn't see your red light. Thank you very much. We appreciate all the...